MDR

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

Idelfonso Valenzuela-Roman,

Plaintiff,

v.

United States, et al.,

Defendants.

No.    CV-25-00546-PHX-ROS (CDB)

**ORDER**

Plaintiff Idelfonso Valenzuela-Roman, who is represented by counsel and has paid the filing and administrative fees for this action, filed a Complaint (Doc. 1) pursuant to the Federal Tort Claims Act (FTCA) and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and invoked the Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367. The Court will dismiss the Complaint with leave to amend.

## I.    Statutory Screening of Prisoner Complaints

Plaintiff indicates he was incarcerated when he filed his Complaint. The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity, regardless of whether the prisoner is represented by counsel. 28 U.S.C. § 1915A(a); *In re Prison Litig. Reform Act*, 105 F.3d 1131, 1134 (6th Cir. 1997) ("District courts are required to screen all civil cases brought by prisoners, regardless of whether the inmate paid the full filing fee, is a pauper, is pro se, or is represented by counsel, as [§ 1915A] does not differentiate between civil

**JDDL-K**

actions brought by prisoners."). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

The Court will dismiss Plaintiff's Complaint for failure to state a claim, with leave to amend because it may possibly be amended to state a claim.

**II.    Complaint**

In his seven-count Complaint, Plaintiff names as Defendants the United States; United States Attorney General Pam Bondi, in her official capacity; John and Jane Doe employees of the United States Department of Justice (Doe DOJ Employees); CoreCivic; John and Jane Doe employees of CoreCivic (Doe CoreCivic Employees), and ABC Corporations. Plaintiff seeks monetary damages, declaratory and injunctive relief, and his attorney's fees and costs.

**JDDL-K**

Plaintiff alleges that on February 17, 2023, while confined as a federal pretrial detainee in CoreCivic's Central Arizona Florence Correctional Complex, he was assigned to work as a porter and was splashed with a caustic chemical that burned his eyes and skin. According to Plaintiff, his criminal defense attorney informed Defendant CoreCivic and the United States Marshals Service (USMS) of Plaintiff's injuries on February 22, 2023.[1] Plaintiff asserts that the following day, Defendant CoreCivic responded that it had given Plaintiff an x-ray and Tylenol and that Plaintiff was scheduled to see a provider. Three weeks after the chemical burn occurred, Plaintiff "had not been seen by an outside provider for the eye injury."

On March 10, 2023, Plaintiff's criminal defense attorney observed "open wounds oozing blood" on Plaintiff's face, "documented to the Court delayed medical care for these burns," and contacted Defendant CoreCivic. Plaintiff alleges that the following day, Defendant CoreCivic "responded that an optometry referral was made on March 10, 2023."

Plaintiff contends the injuries he sustained are permanent and were "exacerbated by [Defendant] CoreCivic's delayed and denied medical care."

In **Count One**, Plaintiff alleges Defendants CoreCivic, Doe CoreCivic Employees, Doe DOJ Employees, and ABC Corporations violated his Fifth Amendment rights by (1) requiring him to work with dangerous chemicals or work without protective equipment and (2) failing to provide timely and necessary medical care.

In **Count Two**, Plaintiff alleges Defendants CoreCivic, Doe CoreCivic Employees, Doe DOJ Employees, and ABC Corporations violated his Fourteenth Amendment rights by failing to provide timely and necessary medical care for his chemical injuries. He asserts this is consistent with "Defendants' demonstrated policy and practice of deliberate indifference to the serious medical needs of persons in [Defendant] CoreCivic's care, custody, and control."

. . . .

---

[1] In his Complaint, Plaintiff mistakenly refers to the date as February **2**, 2023. But February 2 precedes the date on which Plaintiff was injured. Based on Plaintiff's citation to the record in his criminal case, the correct date is February **22**, 2023.

In **Count Three**, Plaintiff alleges Defendants United States, CoreCivic, Doe CoreCivic Employees, Doe DOJ Employees, and ABC Corporations were negligent in requiring Plaintiff to work with dangerous chemicals, not providing proper protective equipment or clothing while working with dangerous chemicals, and delaying or denying critical medical care immediately after Plaintiff was injured and in the weeks after the injury.

In **Count Four**, Plaintiff alleges Defendants United States, CoreCivic, Doe CoreCivic Employees, Doe DOJ Employees, and ABC Corporations committed "aggravated negligence" because they knew there was (1) a high probability of harm from working with dangerous chemicals without proper protective equipment and (2) a high probability and unreasonable risk of harm from delaying or denying medical care for chemical burns. He asserts that despite this knowledge, Defendants engaged in conduct that ultimately resulted in the harm Plaintiff suffered.

In **Count Five**, Plaintiff contends Defendants United States and CoreCivic committed negligent supervision or training. He claims Defendants United States and CoreCivic knew or should have known about "the scores of DHS Office of Inspector General investigations, Congressional investigations, non-governmental organization investigations, prior lawsuits, and its own internal [investigations]" but failed to properly supervise or train their employees.

In **Count Six**, Plaintiff alleges Defendants United States and CoreCivic are vicariously liable under respondeat superior liability for the conduct of their employees that resulted in Plaintiff's injuries.

In **Count Seven**, Plaintiff raises a breach of contract claim against Defendant CoreCivic. He claims Defendant CoreCivic housed Plaintiff pursuant to a contract with the USMS and, pursuant to the contract, "assumed an obligation to provide detainees adequate medical care, proper sleeping quarters, and proper nutrition." Plaintiff alleges the contract was "intended to confer a 'benefit' on detainees, including the Plaintiff." He

**JDDL-K**

- 4 -

contends Defendant CoreCivic "failed to honor its contractual obligations" pertaining to Plaintiff and this caused his injuries.

**III.    Discussion**

        **A.    Counts One through Five**

In Counts One through Five, Plaintiff has simply made vague and conclusory allegations against groups of Defendants, without any factual specificity as to what any particular Defendant did or failed to do.  This is insufficient.  *See Marcilis v. Twp. of Redford*, 693 F.3d 589, 596 (6th Cir. 2012) (upholding dismissal of *Bivens* complaint that referred to all defendants "generally and categorically" because the plaintiff had failed to "'allege, with particularity, facts that demonstrate what *each* defendant did to violate the asserted constitutional right.'" (quoting *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008))); *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008) ("Given the complaint's use of either the collective term 'Defendants' or a list of the defendants named individually but with no distinction as to what acts are attributable to whom, it is impossible for any of these individuals to ascertain what particular unconstitutional acts they are alleged to have committed.").

Moreover, a remedy does not exist under *Bivens* against private companies acting under color of federal law in operating a prison.  *Corr. Serv. Corp. v. Malesko*, 534 U.S. 61, 63 (2001).  Likewise, a remedy does not exist under *Bivens* against privately employed personnel working at a privately operated federal prison.  *See Minneci v. Pollard*, 565 U.S. 118, 131 (2012) ("[W]here . . . a federal prisoner seeks damages from privately employed personnel working at a privately operated federal prison, where the conduct allegedly amounts to a violation of the Eighth Amendment, and where that conduct is of a kind that typically falls within the scope of traditional state tort law (such as the conduct involving improper medical care here), the prisoner must seek a remedy under state tort law.  We cannot imply a *Bivens* remedy in such a case.").

Thus, the Court will dismiss without prejudice Counts One through Five.

. . . .

**JDDL-K**

### B.     Count Six

#### 1.     Defendant United States

The United States, its agencies, and its employees acting within their official capacities, are immune from suit unless the United States waives its sovereign immunity. *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994); *Hodge v. Dalton*, 107 F.3d 705, 707 (9th Cir. 1997).  Under the FTCA, Congress authorized suits against the United States for money damages for "injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the [United States] Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable."  28 U.S.C. § 1346(b).

First, "[c]onstitutional torts are, by definition, founded on federal, not state law. Therefore, federal district courts have no jurisdiction over the United States where claims allege constitutional torts." *Pereira v. U S. Postal Serv.*, 964 F.2d 873, 876 (9th Cir. 1992); *see also F.D.I.C. v. Meyer*, 510 U.S. at 478 ("[T]he United States simply has not rendered itself liable under § 1346(b) for constitutional tort claims.").  Thus, to the extent Plaintiff is alleging Defendant United States is liable for the constitutional torts of its employees, Plaintiff has failed to state a claim.

Second, under the statutory procedure set forth in 28 U.S.C. § 2675(a), a "tort claimant may not commence proceedings in court against the United States without first filing [his] claim with an appropriate federal agency and either receiving a conclusive denial of the claim from the agency or waiting for six months to elapse without a final disposition of the claim being made." *Jerves v. United States*, 966 F.2d 517, 519 (9th Cir. 1992).   The Ninth Circuit Court of Appeals has "repeatedly held that this 'claim requirement of section 2675 is jurisdictional in nature and may not be waived.'" *Id*. (quoting *Burns v. United States*, 764 F.2d 722, 724 (9th Cir. 1985)).

On February 12, 2025 Plaintiff's attorney signed the Claim for Damage, Injury, or Death (Form 95) regarding this claim.[2]  Given that Plaintiff filed his Complaint five days

---

[2] In his Complaint, Plaintiff states he filed his Claim on February 12, 2025, but also

later, it does not appear Plaintiff's claim has been conclusively denied or that six months have elapsed since the filing of the Form 95. Thus, Plaintiff's FTCA claim against the United States is premature.[3]

### 2. Defendant CoreCivic

There is no respondeat superior liability under *Bivens*. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978); *Hamilton v. Endell*, 981 F.2d 1062, 1067 (9th Cir. 1992); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Even if there were, as previously noted, a remedy does not exist under *Bivens* against private companies acting under color of federal law in operating a prison. *Malesko*, 534 U.S. at 63. Thus, to the extent Plaintiff is attempting to raise a vicarious liability claim against Defendant CoreCivic for constitutional violations, he has failed to state a claim.

Plaintiff has stated a claim for respondeat superior liability against Defendant CoreCivic for the tortious acts of its employees. However, the Court will not exercise supplemental jurisdiction under 28 U.S.C. § 1367 over this state-law claim because Plaintiff's federal claims have been dismissed. *See Ove v. Gwinn*, 264 F.3d 817, 826 (9th Cir. 2001) ("A court may decline to exercise supplemental jurisdiction over related state-law claims once it has 'dismissed all claims over which it has original jurisdiction.'" (quoting 28 U.S.C. § 1367(c)(3))); *Gini v. Las Vegas Metro. Police Dep't*, 40 F.3d 1041, 1046 (9th Cir. 1994) (when federal law claims are eliminated before trial, the court generally should decline jurisdiction over state law claims and dismiss them without prejudice). Thus, the Court will dismiss without prejudice Plaintiff's claim for respondeat superior liability against Defendant CoreCivic.

. . . .

. . . .

asserts he filed it on November 12, 2023. Given that Plaintiff has only attached the February 2025 Form 95 to his Complaint, the Court will disregard the reference to a November 2023 Claim.

[3] Plaintiff appears to concede the claim is premature, stating: "If the United States chooses not to resolve those claims short of litigation, [Plaintiff] will amend this Complaint to include those claims."

### C.    Count Seven

Under Arizona law, a person can recover as a third-party beneficiary "only if (1) the contract itself indicates an intention to benefit the third party, (2) the benefit contemplated is intentional and direct and (3) the contracting parties intend to recognize the third party as the primary party in interest." *Flagstaff Med. Ctr., Inc. v. Sullivan*, 962 F.2d 879, 892 (9th Cir. 1992). "[I]t is not enough that the contract may operate to [the alleged third-party beneficiary's] benefit but it must appear that the parties intended to recognize him as the *primary* party in interest and as privy to the promise." *Armbruster v. WageWorks, Inc.*, 953 F. Supp. 2d 1072, 1076 (D. Ariz. 2013) (quoting *Sherman v. First Am. Title Ins. Co.*, 38 P.3d 1229, 1232 (Ariz. Ct. App. 2002)).

Plaintiff fails to allege facts to support that he was a third-party beneficiary of the contract between Defendant CoreCivic and the USMS. His allegations suggest he was, at most, an incidental beneficiary. *See Xirum v. U.S. Immigr. & Customs Enf't*, CV-22-00801-TWP-KMB, 2023 WL 2683112, at *20 (S.D. Ind. Mar. 29, 2023) (noting that "[f]ederal courts in most other jurisdictions [other than the Second Circuit] have held that federal inmates are not third-party beneficiaries to federal contracts related to their detention, even when those contracts provide benefits to inmates"); *Reed v. Corizon, LLC*, 2017 WL 4350753, at *2 (Ariz. Ct. App. Oct. 2, 2017) (inmate's receipt of health care pursuant to contract between Corizon and the Arizona Department of Corrections was an indirect benefit insufficient to allow recovery as a third-party beneficiary). Thus, the Court will dismiss Count Seven.

## IV.    Leave to Amend

For the foregoing reasons, the Court will dismiss Plaintiff's Complaint. Within 30 days, Plaintiff may submit a first amended complaint to cure the deficiencies outlined above.

Plaintiff must clearly designate on the face of the document that it is the "First Amended Complaint." The first amended complaint may not incorporate any part of the original Complaint by reference. Plaintiff may include only one claim per count.

**JDDL-K**

A first amended complaint supersedes the original Complaint. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990). After amendment, the Court will treat the original Complaint as nonexistent. *Ferdik*, 963 F.2d at 1262. Any cause of action that was raised in the original Complaint and that was voluntarily dismissed or was dismissed without prejudice is waived if it is not alleged in a first amended complaint. *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc).

**IT IS ORDERED:**

(1) The Complaint (Doc. 1) is **dismissed**. Plaintiff has **30 days** from the date this Order is filed to file a first amended complaint in compliance with this Order.

(2) If Plaintiff fails to file an amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action and deny any pending unrelated motions as moot.

Dated this 2nd day of April, 2025.

Honorable Roslyn O. Silver
Senior United States District Judge

JDDL-K

- 9 -